UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                        CR. NO. 23-20026
                           HONORABLE SEAN F. COX

MICHAEL PACTELES,

        Defendant.
_____/

**SENTENCING MEMORANDUM**

    Defendant was charged by Information with one count of Bribery Concerning Programs Receiving Federal Funds, in violation of 18 U.S.C. §666(a)(1)(B). On March 24, 2023, Defendant pled guilty pursuant to a written Rule 11 Plea Agreement.

    Under the Rule 11 Plea Agreement, the parties anticipated an Offense Level of 17 (Base +14, Over $6,500 + 2, public official +4, acceptance -3), and Criminal History Category of I, resulting in a sentence range of 24-30 months. Under the agreement, the parties stipulated to the above Guideline provisions. (Rule 11 Plea Agreement at p. 9, paragraph C).

    The Probation Department has prepared a Presentence Report in this case. In the report, the Probation Department has calculated the same Offense Level of 17 and Criminal History Category I (0 points), resulting in a sentence range of 24-30 months.

    Subsequent to the Probation Department filing the Presentence Report in this matter, Counsel has reviewed the 2023 Amendments to the Sentencing Guidelines and believes that under the proposed amendment to USSG 4C1.1, Defendant would be entitled to a 2

level reduction in his Offense Level as a "Zero-Point Offender." This reduction would decrease Defendant's Offense Level to 15 with Criminal History Category I and result in a lower sentence range of 18-24 months. The Government agrees to apply this 2 level reduction to Defendant's case now rather than waiting for the effective date of the amendments. Counsel acknowledges that the amendments do not go into effect until November 1, 2023. Counsel believes the Court can consider these amendments as grounds for a downward departure and/or downward variance and treat Defendant's Guideline range as 18-24 months. Alternatively, Defendant respectfully requests that his sentencing be adjourned until after the effective date of the 2023 amendments.

Defendant respectfully requests that the Court (1) accept the Rule 11 Plea Agreement, (2) determine his Guideline range to be 18–24 months based on his "zero-point offender" status, and (3) impose an effective sentence of 18 months of community confinement (12 months of RRC followed by 6 months on home detention), based on the facts and circumstances of his case.

I.

**A SENTENCE SHOULD BE SUFFICIENT BUT NOT GREATER THAN NECESSARY TO COMPLY WITH THE PURPOSES IN 18 U.S.C. 3553**

It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue. *Koon v. United States*, 116 S. Ct. 2035, 2053 (1996). *Booker*

returned substantial discretion to the sentencing judge to depart above and below the Guidelines range so long as such sentences are reasonable. *United States v. Hines* 398 F.3d 713, 721 (6th Cir. 2005). Post-Booker, the district court is empowered with greater discretion to consider the factors provided in 18 U.S.C. 3553(a) in determining a proper sentence.

That section provides, "the court shall impose a sentence sufficient, but not greater than necessary." In reaching this decision, it is crucial that judges give careful consideration to every minute that is added to a defendant's sentence, as explained by the District Court in *United States Faison*, 2020 wl 815699, at *1 (D. Md. Feb. 18, 2020) (Hazel,J.):

> During the sentencing hearing, the lawyers and the judges discuss the appropriate sentence, often at great length, but after the judge announces a decision, that judge, the lawyers, and the staff move on to the next case; the hearing and outcome soon fade into distant memory. Meanwhile, for the defendant, the torture of a monotonous existence begins, while life for his family moves forward without him. For him, every day, month, and year that was added to the ultimate sentence will matter. The difference between ten and fifteen years may determine whether a parent sees his young child graduate from high school; the difference between ten and fifteen months may determine whether a son sees his sick parent before that parent passes away; the difference between probation and fifteen days may determine whether the defendant is able to maintain his employment and support his family. Thus, it is crucial that judges give careful consideration to every minute that is added to a defendant's sentence. Liberty is the norm; every moment of incarceration should be justified.

Finally, the Guidelines and sentencing statutes authorize the Court to impose placement in a community corrections facility and/ or placement on home detention as discretionary conditions of supervised release. <u>See</u> USSG 5D1.3 (e), 18 U.S.C. 3583(d) and 3563(b). Under the supervised release statute, 18 U.S.C. 3583(d), the Court may order

any condition set forth as a discretionary condition of probation under 18 U.S.C. 3563(b). If the Court imposes home detention it may also require monitoring by the electronic tether. See 18 U.S.C. 3563(b)(19).

## II.

### THE FACTORS OF DEFENDANT'S CASE WARRANT A TOTAL SENTENCE OF 18 MONTHS OF COMMUNITY CONFINEMENT AS A SPECIAL CONDITION OF SUPERVISED RELEASE

The district court must articulate the reasons for the particular sentence imposed in order to enable a meaningful reasonableness review of the sentence. *United States v. Jackson*, 408 F.3d. 301, 305 (6th Cir. 2005). In determining the sentence to be imposed, the district court must consider the advisory Guidelines range and all relevant factors identified in 18 U.S.C. § 3553(a). *Id. At 305.*

### A.

### The Nature and Circumstances of the Offense

The nature and circumstances of the offense conduct in the instant case warrant a sentence of 18 months of community confinement as a special condition of supervised release. Section 3553 (a) directs the court to consider the nature and circumstances of the offense in determining an appropriate sentence. At the outset, Defendant acknowledges the illegality of his actions but believes there are facts in his case which mitigate the severity of the offense conduct.

As indicated in the Presentence Report, the instant federal offense stemmed from Defendant's illegal acceptance of a salvaged used car, tax, title, and plates (valued at

$4,424) and $3,200 in additional cash. Defendant was caught up in a "sting" operation with a tow yard operator who was working with federal law enforcement agents. As a result of his conduct he lost his job as a police officer, has lost his reputation due to local press coverage, and is facing a federal felony conviction with a potential sentence of imprisonment.

Defendant's involvement in the offense conduct occurred from July 2019 until December 2019. Defendant engaged in the offense conduct to help support himself financially. Defendant is remorseful for his involvement in the offense and the pain it has caused his family.

In addition, with respect to the instant case, Defendant has accepted responsibility for his conduct. Defendant engaged in plea negotiations which resulted in the Rule 11 Plea Agreement between the parties. Defendant's guilty plea saved the Government the expense and resources associated with a federal criminal trial in his case. In light of the above, an effective federal sentence of 18 months of community confinement as a special condition of supervised release, is sufficient, but not greater than necessary.

## B.

### History and Characteristics of the Defendant

Consideration of Defendant's history and characteristics warrants a federal sentence of 18 months of community confinement as a special condition of supervised release.

Section 3553(a) directs the court to consider the history and characteristics of the defendant in determining an appropriate sentence.

### *Age & First Significant Period of Incarceration*

Defendant is 46 years old and a first offender who is facing his first potential period of incarceration. As indicated in the Presentence Report, "the defendant has no prior criminal history; therefore, his criminal history score is zero." See Presentence Report at p. 8. Paragraph 42.

The 2023 Guideline Amendments recognize that "zero-point offenders" are deserving of recognition for not having any prior convictions and are deserving of more lenient treatment. First, under the amendment to USSG 4C1.1, if the defendant meets all of the stated criteria . . . decrease the offense level determined under Chapters Two and Three by 2 levels." The parties agree that Defendant meets these criteria and would be entitled to the 2 level reduction. In addition, under note 10 of the amendments, "a departure, including a departure to a sentence other than a sentence of imprisonment, may be appropriate if the defendant received an adjustment under 4C1.1 (Adjustment for Certain Zero-Point Offenders) and the defendant's applicable guideline range overstates the gravity of the offense because the offense of conviction is not a crime of violence or an otherwise serious offense."

Furthermore, Defendant is already over 40 years old. Defendants over the age of forty exhibit markedly lower rates of redivism in comparison to younger defendants. See Measuring Recidivism: The Criminal History Computation of the Federal Sentencing Guidleines, at 12, 28 (2004). Federal courts have recognized that recidivism rates decline consistently with older defendants. See *United States v. Hodges*, 2009 wl 366231 (E.D. N.Y. 2009).

Finally, Defendant was given the Adverse Childhood Experiences (ACE) assessment during the presentence interview. He scored 1 on a scale of 0-10, which suggests that he poses the lowest possible risk for future negative behavioral outcomes. (See Presentence Report, page 10, paragraph 53).

### *Family Responsibilities*

Defendant has substantial family responsibilities toward his children. As indicated in the Presentence Report, Defendant is father to four children, Tyler (19 years), Jalen (17 years, Alexis (13 years), and Jackson (10 years). Although he is divorced from their mother, he shares joint custody of these children. He is an active and supportive parent who spends the majority of his free time with his children. He also contributes to their financial support.

### *Employment History*

Finally, Defendant has maintained a history of gainful employment over the last 20 years. From March 1999 until August 2020, he worked as a Detroit Police Officer.

During the pendency of this case he has obtained and maintained new employment. This steady work record demonstrates that Defendant can and has obtained legitimate and gainful employment to support himself and will be able to do so in the future.

### C.

### NEED TO PROVIDE PUNISHMENT, PROTECT THE PUBLIC, AND TO PROVIDE OTHER CORRECTIVE TREATMENT

A sentence of 18 months of community confinement as a special condition of supervised release is adequate to reflect the seriousness of the offense, to punish Defendant for the offense conduct, and to promote deterrence and achieve rehabilitation. Under 18 U.S.C. 3553(a), the Court shall consider a number of traditional sentencing goals in determining an appropriate sentence. Those goals include consideration of (1) the seriousness of the offense, (2) promoting respect for the law, (3) providing just punishment, (4) affording adequate deterrence, (5) protecting the public from further crimes of the defendant, and (6) providing the defendant with needed correctional treatment. See, 18 U.S.C. 3553(a)(2)(A)-(D).

Defendant's involvement in the instant offense has caused him to lose his job as a police officer, publicly embarrassed him and his family through local news coverage, and subjected him to a federal felony conviction which he will carry the rest of his life. A sentence which incorporates community confinement will be sufficient, but not greater

than necessary to achieve the goals of punishment, deterrence, and protecting the public from further crimes by Defendant.

### III.

### **CONCLUSION**

For all of the foregoing reasons, Defendant respectfully requests that the Court (1) accept the Rule 11 Plea Agreement, (2) determine his Guideline range to be 18–24 months based on his "zero-point offender" status, and (3) impose an effective sentence of 18 months of community confinement (12 months of RRC followed by 6 months on home detention), based on the facts and circumstances of his case.

Alternatively, Defendant respectfully requests that his sentencing be adjourned until after the effective date of the 2023 amendments.

Respectfully Submitted,

**FEDERAL DEFENDER OFFICE**

/s/ David C. Tholen
Attorney for Defendant
613 Abbott, Ste. 500
Detroit, Michigan 48226
Phone: (313) 967-5542
E-mail: david_tholen@fd.org
P43836

Date: August 23, 2023

9

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

  v.                                  CR. NO. 21-20705
                                      HON. STEPHEN J. MURPHY, III

JUSTIN LOHMAN,

        Defendant.
_____/

## CERTIFICATE OF SERVICE

I hereby certify that on August 23, 2023, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

                        Steven P. Cares
                        Assistant U.S. Attorney
                        211 W. Fort, Suite 2001
                        Detroit, Michigan    48226

  And               Nioaka L. Morton
                        U.S. Probation Officer
                        231 W. Lafayette, Room 901
                        Detroit, Michigan 48226

                        /s/ David C. Tholen
                        Federal Defender Office